IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **THOMAS J. RAMSAY,**<br><br>         Plaintiff,<br><br>v.<br><br>**GENEVIA W. CARTER,**<br><br>         Defendant. | Civil Action No. 7:11-CV-140 (HL) |

**ORDER**

A Pretrial Conference was held in this matter on October 2, 2012. This Order memorializes the Court=s rulings from the bench.

**I.    Discovery**

Plaintiff will be allowed to add three witnesses to his witness list for trial - Fran Coleman, Jan Coleman, and Bill Meadows. Counsel for Defendant will speak with the witnesses informally. If he deems it necessary, counsel for Defendant will be allowed to depose the witnesses.

Defendant will be allowed to take the deposition of Dr. Stoker if necessary to preserve his testimony for use at trial. If Dr. Stoker is deposed, Plaintiff will be allowed to designate and depose a rebuttal witness.

All of these depositions must be completed prior to jury selection. The Court will not entertain or rule on any objections made during any depositions taken after the pretrial conference.

## II. Pretrial Motions

### A. Defendant's Motion to Exclude Testimony of Tisha Williams, M.D. (Doc. 24)

Defendant's Motion to Exclude the testimony of Dr. Tisha Williams is granted.

### B. Defendant's Motion in Limine (Doc. 19)

Defendant's Motion in Limine is granted, with one exception, as follows:

1. The Court will qualify the jury as to State Farm and any relationship with State Farm. Plaintiff's counsel will not mention State Farm during his voir dire. As requested by the parties, the Court will also qualify the jury as to whether any panel member has ever worked as an insurance claims adjuster or has been employed by an insurance company.

2. Plaintiff will not be allowed to testify as to any anxiety or worry about the payment of medical expenses. If Plaintiff testifies that he did not seek medical care or treatment because of a lack of insurance or inability to afford treatment, Defendant will be allowed to cross-examine Plaintiff on whether insurance was available to him.

3. Neither party will refer to the verdict or any damages being paid by an insurance company.

4. The Court reserves ruling on whether Defendant is entitled to opening and concluding closing arguments.

**III.    Deposition Objections**

The parties agree to confer about their deposition objections with respect to Dr. Hyer and Dr. Robbins' depositions. The Court will rule on any unresolved objections in those two depositions prior to trial. If any objections cannot be resolved by agreement, counsel are directed to notify Mary Beth Hand, law clerk to Judge Lawson, not later than October 18, 2012 at 5:00 p.m., in writing at Mary_Hand@gamd.uscourts.gov, and specify by line and page number which objections remain.

**IV.    Exhibit Objections**

All authenticity objections have been withdrawn by the parties. The parties further agreed during the conference as to which exhibits will go back with the jury and which exhibits will only be used for impeachment or witness examination.

**V.    Witnesses**

Other than Dr. Williams, who has been excluded as a witness, there are no objections to the witnesses identified by either party.

**VI.    Miscellaneous**

Jury selection will be held on October 23, 2012 beginning at 9:00 a.m. All juries will be selected on the same day. The parties are directed to contact the Court immediately if the case settles.

**SO ORDERED**, this the 3rd day of October, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh